IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MARK S. SMITH, <br><br> Defendant-Appellee. | No. 22-10353 <br><br> U.S. District Court for the District of Guam (No. 1:17-cr-20) |

**United States' Unopposed Motion
For Extension Of Time To File Opening Brief**

Pursuant to Ninth Circuit Rule 31-2.2(b), the United States respectfully requests a 60-day extension of time, from March 31, 2023, until May 30, 2023, to file its opening brief in this appeal. As explained below, there is substantial need for the extension requested in this motion.

In support of this motion, I, Francesco Valentini, declare as follows:

1. I am the attorney assigned to represent the government in this appeal.

2. In 2017, a federal grand jury in the District of Guam charged defendant Mark S. Smith with conspiracy to commit wire fraud; 26 counts of wire fraud; theft of government property; conspiracy to commit

money laundering; and several counts of money laundering. After a 24-day trial, a jury found Smith guilty on all counts. After trial, Smith moved for a judgment of acquittal as to all counts. He also moved for a new trial, arguing, *inter alia*, instructional error. In June 2022, the district court granted Smith's motion for a judgment of acquittal as to the conspiracy to commit fraud and substantive fraud counts. In a separate order entered in August 2022, the district court granted Smith's motion for a judgment of acquittal as to the theft of government property, conspiracy to commit money laundering, and substantive money laundering counts. The government timely moved for reconsideration of the June 2022 and August 2022 orders. In December 2022, the district court denied reconsideration as to all counts. In its December 2022 order, the district court also conditionally granted Smith's motion for a new trial, based on alleged instructional error. On December 30, 2022, the government filed a timely notice of appeal.

3. There is good reason for the 60-day extension requested in this motion:

a. This is the first extension sought by the government in this appeal.

b. The Solicitor General must authorize any appeal by the United States in this case. See 28 C.F.R. § 0.20(b). Before making that decision, the Solicitor General must consult with the United States Attorney's Office, the Criminal Division, and the Solicitor General's staff. Due to the press of other matters, the attorneys assigned to this matter need additional time to review the case and make a recommendation on whether to appeal the district court's decision.

c. If the Solicitor General authorizes appeal, I will need additional time to prepare the government's brief. In recent weeks, I have been and will be responsible for several competing professional obligations, including the following:

    (i) Between February 28, 2023, and March 16, 2023, I represented the government at trial in *United States v. Vitali Gossjankowski*, No. 1:21-cr-123 (PLF);

    (ii) On March 21, 2023, I represented the government at a sentencing hearing in *United States v. Anthony Puma*, No. 1:21-cr-454 (PLF);

(iii) I am responsible for preparing the government's answering brief in *United States v. Kenneth Rufus Crowe*, No. 22-10139 (9th Cir.), which is currently due on or before April 13, 2023;

(iv) Starting on April 17, 2023, I will represent the government at trial in *United States v. David Charles Rhine*, No. 1:21-cr-687 (RC), a trial that is expected to last up to five days;

(v) I am responsible for preparing the government's response to the petition for a writ of certiorari in *Segundo Marcial Dominguez-Caicedo et al. v. United States*, Nos. 22-6461 et al. (U.S.), which is currently due on or before May 1, 2023.

4. Counsel for the defendant, Benjamin Coleman, has advised that the defendant does not object to the extension requested in this motion.

5. The court reporter is not in default with regard to any designated transcripts.

6. The defendant is not currently in custody.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Accordingly, the United States respectfully requests that the Court grant this motion for an extension of time, to and including May 30, 2023, to file its opening brief in this appeal.

| | |
|---|---|
| March 23, 2023 | Respectfully submitted, |
| | /s/ Francesco Valentini |
| | Francesco Valentini |
| | Trial Attorney, Appellate Section |
| | Criminal Division |
| | U.S. Department of Justice |
| | 950 Pennsylvania Ave. NW |
| | Washington, D.C. 20530 |
| | Tel.: (202) 598-2337 |
| | Fax: (202) 305-2121 |
| | francesco.valentini@usdoj.gov |

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and 32(g)(1), I hereby certify:

1. This motion complies with the length limitations of Ninth Circuit Rule 27-1(1)(d) because it does not exceed 20 pages.

2. This motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and Ninth Circuit Rule 27-1(1)(c) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 Apps in Century Schoolbook 14-point font.

March 23, 2023

Respectfully submitted,

/s Francesco Valentini
Francesco Valentini
Trial Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Tel.: (202) 598-2337
Fax: (202) 305-2121
francesco.valentini@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on March 23, 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all registered CM/ECF users in this case.

/s Francesco Valentini
Francesco Valentini
Trial Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530
Tel.: (202) 598-2337
Fax: (202) 305-2121
francesco.valentini@usdoj.gov